**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES FIRE INSURANCE COMPANY**                                **PLAINTIFF**

**v.**                                                  **No. 3:24-cv-00388-MPM-RP**

**BOBBY CLANTON,** *et al.*                                               **DEFENDANTS**

<u>**ORDER**</u>

This matter comes before the Court on Plaintiff United States Fire Insurance Company's Motion to Dismiss Without Prejudice [23] against Shaw Services, LLC and West Properties, LLC ("Debtor Defendants"). The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

Plaintiff United States Fire Insurance Company ("C&F") filed suit against the Defendants for breach of a General Indemnity Agreement. On December 3, 2025, after failing to respond to C&F's complaint, the Court entered Default Judgment [19] against Bobby Clanton, Kathy Clanton, and Perma Jack Frost SE, LLC for $1,300,034.75. On December 22, C&F filed suggestions of bankruptcy as to defendants, Shaw Services, LLC [21] and West Properties, LLC [20], who were not encompassed by the default judgment order. The case was then stayed pursuant to the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362.

C&F then filed a motion to dismiss without prejudice their claims against Shaw Services, LLC and West Properties, LLC, while retaining their right to seek relief against Bobby Clanton, Kathy Clanton, and Perma Jack Frost SE, LLC pursuant to the Default Judgment. No Defendant has made an appearance in this case.

Ordinarily, under the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without a court order before the opposing party serves an answer or a motion for summary

1

judgment. Fed. R. Civ. P. 41(a)(1)(A). Here, due to the bankruptcy stay put in place by the bankruptcy proceedings of the Debtor Defendants, C&F seeks to dismiss them without prejudice to lift the bankruptcy stay and to obtain a final judgment against the remaining defendants.

Under Fifth Circuit precedent, a § 362 stay does not absolutely prevent a district court from granting a plaintiff's motion to voluntarily dismiss a debtor defendant pursuant to Fed. R. Civ. P. 41(a), so long as the orders are "not inconsistent with the terms of the stay." *Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002). As a result, this Court has jurisdiction to determine whether it should allow voluntary dismissal despite the bankruptcy stay. *See id.*

The Court will grant dismissal. C&F no longer wishes to pursue its claims against Shaw Services, LLC and West Properties, LLC while they proceed through bankruptcy. Dismissing the Debtor Defendants would allow this Court to bring this case to a resolution and to prevent the Debtor Defendants' Chapter 11 proceeding from unnecessarily keeping the action on the docket. *See id.*

The dismissal of the claims against the Debtor Defendants is not inconsistent with the bankruptcy stay's purpose. A § 362 stay serves to "protect the debtor's assets," and "to protect creditors by preventing a race for the debtor's assets." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). Here, neither Shaw Services, LLC or West Properties, LLC made an appearance in the case, and default judgment was entered against their co-defendants, so none of the Debtor Defendants' assets or their liabilities in bankruptcy court are affected by a dismissal. The Court finds it proper to allow voluntary dismissal without prejudice as to C&F's claims against Shaw Services, LLC and West Properties, LLC. *See* Fed. R. Civ. P. 41(a)(2).

**ACCORDINGLY**, C&F's Motion to Dismiss [23] is **GRANTED**. The claims against defendants Shaw Services, LLC and West Properties, LLC are **DISMISSED WITHOUT PREJUDICE.** The Court also **LIFTS** the bankruptcy stay entered on December 22, 2025.

A separate judgment in accordance with this order will be entered on this date.

**SO ORDERED** this 8th day of January, 2026.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI